```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

CYNTHIA ANN COLLINS, et al.,   }
                               }
     Plaintiffs,                }
                               }       CIVIL ACTION NO.
v.                             }       08-AR-1267-S
                               }
DOLLAR TREE STORES, INC.,      }
                               }
     Defendant.                }
```

## MEMORANDUM OPINION

Before the court is the motion of defendant, Dollar Tree Stores, Inc., ("Dollar Tree"), to exclude California store managers from notice of collective action. On December 12, 2008, this court conditionally certified the plaintiffs' Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d) claims, save for the question of whether notice should be sent to California store managers. For the following reasons, Dollar Tree's motion will be denied and notice will be facilitated by separate order.

## Pertinent Facts

Dollar Tree claims that its California store managers are not similarly situated as compared with store managers in all other states. *Inter alia*, Dollar Tree claims that (1) the respective job descriptions and operational requirements are different, and (2) that California law imposes specific requirements and regulations on California store managers and requires Dollar Tree to pay store managers significantly higher minimum compensation as compared with

1

store managers in other states.

1. Job Descriptions and Operational Duties

On its face, the California job differs from the job description used in other Dollar Tree stores. The California job description states, "Store Manager is to spend the majority (more than 50%) of his/her actual work time each work week performing the following duties and responsibilities," whereas the other job description has no such requirement. Def.'s Mem. Ex. A-B (Doc. 92). The California job description then calls for seventeen different "Duties and Responsibilities," whereas the job description for other states lists only twelve. *Id.* The California job description also states, "Store Manager may not spend more than a total of 35% of his/her actual work time each week receiving product, distributing and storing product, stocking product and cashiering." Def.'s Mem. Ex. A. California store managers must also "certify" that the 50% and 35% requirements were met, or immediately provide Dollar Tree's Human Resources Department with an explanation. *Id.* Plaintiffs argue that semantics are the "only real difference[s]" between these two lists, citing to overlapping job requirements contained on Dollar Tree's website. Pls.' Resp. 2, 5 (Doc. 96). The plaintiffs then attempt to "match" similar requirements by juxtaposing the two lists in order to demonstrate that the lists are, substantively, the same or very similar. *Id.* at 2-6. Plaintiffs also allege that all Dollar Tree store managers must

2

comply with the 50% and 35% requirements, no matter what the California job description says, based on Dollar Tree's position in other FLSA cases. *Id.* at 14.

2. California Law

Dollar Tree claims that California's labor laws and regulations require store managers to deal with unique concerns, including "meal and rest breaks" and overtime compensation. California store managers also sell alcoholic beverages,[1] which requires maintaining a license, ensuring compliance with California law, and training store employees accordingly. Def.'s Mem. 9-11. Dollar Tree also claims that all California store managers are paid two times the minimum wage in order to qualify for the executive exemption under California law. *Id.* at 11-12. Plaintiffs responded that all Dollar Tree store managers have similar responsibilities to comply with overtime, meal, and rest break requirements under federal law, and, therefore, California store managers are essentially similar enough despite California's added requirements. *Id.* at 16-17.[2]

3. Support for the motion.

Dollar Tree has provided (1) declarations from its Director of Human Resources, Field Operations, (2) a declaration of its Manager

---

[1] Dollar Tree has only six stores outside of California that sell alcohol, namely, one in Virginia and five in the Midwest. Def.'s Mem. 10.

[2] Plaintiffs did not respond to Dollar Tree's argument concerning California store managers and the sale of alcohol. *See* Pls.' Resp.

3

of Store Operations,(3) a declaration of a Director, Recruiting and Placement for Dollar Tree Management, and (4) the two job descriptions discussed above. Plaintiffs have provided only the declaration of Chelsie Richardson, already filed in this case, Doc. 63, and several court filings from other cases before the Northern District of Alabama and another court. Plaintiffs also use a case against Dollar General in support of its response.

## Discussion

In its brief supporting its motion, Dollar Tree states, "Plaintiffs have not submitted any evidence at all showing that California Store Managers are similarly situated to Defendant's Store Managers in other states, nor does any Named Plaintiff or Opt-In Plaintiff work there." Def.'s Mem. 2. While plaintiffs' counsel does not address it in their response, at least one opt-in plaintiff "worked" there, Annamarie Belarski ("Belarski"), and possibly a second, Cinthia Collado Herrera ("Herrera").[3] Both Belarski and Herrera wrote in additional comments on their consent forms with particularized allegations.[4] At the very least, this

---

[3] While it is true that "work" is different than "worked," the court is uncertain as to Dollar Tree's intention in presenting it to the court. In addition, the court is uncertain whether opt-in plaintiff Belarski is "Anna Marie" or "Annamarie." Her consent form is difficult to read. *See* Doc. 5-2. Of note, the court uses the word "possibly" in the accompanying text because Herrera has a California address, but the consent form is not clear as to in whether she actually "worked" in California. *See* Doc. 35.

[4] Belarski wrote "775.00 salary wkly but had to work almost 60 + 65 hrs wkly. They DID NOT let us clock in or out manager [sic] because it would had told just how much they really worked us. Without proble [sic] wages." Doc 5-2. Herrera added, "Also I was promised 600.00 wkly and never Recd. it [sic] By

4

indicates that these two plaintiffs might be interested in telling their story, perhaps in a declaration or affidavit. Particularly in light of the Eleventh Circuit's recent decision in *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008), quoted heavily in plaintiffs' response, in which the Eleventh Circuit affirmed Judge Clemon's rigorous pre-notice discovery.[5] The court is surprised that plaintiffs' counsel failed to seize the opportunity to elicit more information from these two clients to rebut Dollar Tree's declarations. Perhaps these clients were contacted, perhaps not. Since the court will deny Dollar Tree's motion, perhaps plaintiffs' counsel is more clairvoyant than the court believes. Or perhaps it was just dumb luck. Instead, plaintiffs oddly spilled ink over whether Dollar Tree's California job description form was "credible."

At a minimum there is some similarity between the California job opportunity form and the other job form. There are also some similarities between requirements of California store managers concerning the 50% and 35% requirements, meal and rest breaks, and

---

Jim Sweeney & Tim Lorenz new [sic] about this also." Doc. 35.

[5] The Eleventh Circuit approvingly held that Judge Clemon proceeded "very cautiously" and only certified the class after "depositions and multiple affidavits" were provided. *Id.* at 1262. However, the Eleventh Circuit added a footnote saying that Judge Clemon's approach was not a "requirement," but rather courts need only have a "reasonable basis." *Id.* at 1262 n.41 (citing cases). The issue then becomes "how much is enough" to justify facilitation of notice.

The court notes that the *Morgan* decision, at least tacitly, eliminated any argument by Dollar Tree that "establishment" is confined to one particular location. *See id.*

overtime compensation. The difference in selling alcohol may prove to be an important factor during the inevitable decertification hearing for the California portion of the class.

Dollar Tree's arguments are well-taken. However, at the notice stage, again with some trepidation, the court finds that there is enough to justify the facilitation of notice to California plaintiffs. To hold otherwise would require the court to withhold notice to California while conducting discovery on whether California plaintiffs are "similarly situated," while at the same time conducting a post-notice "similarly situated" inquiry for the rest of the country. This seems illogical. There is a reasonable basis for facilitating notice, and the court shall order notice by separate order. However, Dollar Tree may file a motion to decertify the class to the extent it contains California plaintiffs *prior* to the decertification motion for the rest of the class.

DONE this 11th day of February, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE