UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CYNTHIA ANN COLLINS; BERYL DAUZAT**, on behalf of themselves and others that are similarly situated,<br><br>    **Plaintiffs,**<br><br>vs.<br><br>**DOLLAR TREE STORES, INC.,**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)    **CASE NO. 2:08-cv-1267-SLB**<br>)<br>)<br>)<br>) |

### MEMORANDUM OPINION

This case is presently pending before the court on plaintiffs' February 4, 2009 "Motion to Amend Complaint" (Doc. 102), and plaintiffs' July 9, 2009 "Motion to Amend Complaint" (Doc. 136).[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiffs' Motions (Doc. 102 and Doc. 136) are due to be denied.

### I.  LEAVE TO AMEND STANDARD

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Of course, the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In defining the parameters of Rule 15(a), the United States Supreme Court stated that absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . the leave sought should . . . be 'freely given.'" *Id.* at 1534-35 (quoting FED. R. CIV. P. 15(a)). Regarding the "futility of amendment," the Eleventh Circuit has held that "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Therefore, it seems, if the complaint as amended would be properly subject to dismissal for "improper venue" under Rule 12(b)(3), the court should deny leave to amend the complaint as futile. *See id.*; FED. R. CIV. P. 12(b)(3).

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, "[t]he plaintiff has the burden of showing that venue in the forum is proper." *Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 816 (11th Cir. 2006) (citing Home Ins. Co. v. Thomas Industries, Inc., 896 F.2d 1352, 1355 (11th Cir. 1990)). Further, in reviewing the Rule 12(b)(3) motion, "'[t]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits.' When affidavits conflict, the court is inclined to give greater weight to the

2

plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Home Ins. Co.*, 896 F.2d at 1355 (quoting DeLong Equipment Co. v. Washington Mills Abrasive, 840 F.2d 843, 845 (11th Cir. 1988)) (citation omitted).

## II.  FACTS AND PROCEDURAL HISTORY

On July 17, 2008, plaintiffs Cynthia Ann Collins and Beryl Dauzat, on behalf of themselves and others similarly situated ("Collins") filed their initial complaint against defendant Dollar Tree Stores, Inc. ("Dollar Tree"), alleging discrimination on the basis of sex pursuant to the Equal Pay Act of 1963.  (Doc. 1.)

On February 4, 2009, after defendant filed a responsive pleading, plaintiffs filed their first "Motion to Amend Complaint" and attached an "Amended Complaint."  (Doc. 102.) Specifically, plaintiffs sought to add claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), for twenty-one existing plaintiffs and opt-in plaintiffs, as well as for eleven plaintiffs who were not currently part of the Equal Pay Act suit already pending. (Doc. 102 at 2, ¶ 2, 3, ¶ 4.)  In response, defendant filed a "Memorandum of Law in Opposition to Plaintiff's [sic] Motion to Amend Complaint."  (Doc. 108.)  Although defendant offered several reasons for opposing plaintiffs' Motion to Amend, it argued specifically that the Amendment would be futile because of the venue provisions of Title VII. (Doc. 108 at 16.)

A hearing before Judge William M. Acker, Jr., regarding plaintiffs' "Motion to Amend Complaint," was held on February 13, 2009. (Doc. 111.) At the hearing, Judge Acker expressed concerns with the proposed amendment, and ordered plaintiffs to respond on or before February 20, 2009. (*Id.*) Plaintiffs did so by filing their "Consent to Severance and Reassignment of Title VII Claims." (Doc. 112.) Defendant filed a "Memorandum of Law in Opposition to Plaintiffs' Consent to Severance and Reassignment of Title VII Claims" in response. (Doc. 120.)

On March 10, 2009, plaintiffs filed a "Notice of Filing Substituted Proposed Amended Complaint" and attached a substituted "Amended Complaint." (Doc. 124.) Plaintiffs also filed a "Reply in Support of Amending Complaint and Consent to Severance and Reassignment." (Doc. 125.) The following day, Judge Acker directed the clerk to reassign the case; it was subsequently reassigned to the undersigned. (Doc. 126.) On March 12, 2009, in response to Judge Acker reassigning the case, plaintiffs filed a "Withdrawal of Consent to Severance," withdrawing document 112. (Doc. 128.) Thereafter, defendant filed a "Memorandum in Opposition to Plaintiffs' 'Notice of Filing of Substituted Proposed Amended Complaint' and Plaintiffs' 'Reply.'" (Doc. 130.)

On June 17, 2009, this court held a hearing on, *inter alia*, plaintiffs' "Motion to Amend Complaint" (Doc. 102). (*See* Doc. 137.) At the hearing, the court heard arguments from both sides regarding the venue requirements of Title VII, but did not rule on plaintiffs' "Motion to Amend Complaint" at that time. (*See id.* at 11, ll. 6-9, 29, ll. 13-14.)

Following the hearing, on July 9, 2009, plaintiffs filed their second "Motion to Amend Complaint" and attached a "Second Amended Complaint." (Doc. 136.) The "Second Amended Complaint" is essentially the same as the "Amended Complaint" attached in document 102, except the "Second Amended Complaint" purports to "join the Title VII claims of the named plaintiffs, Collins and Dauzat . . . with their Equal Pay Act claims already pending." (Doc. 136 at 2, ¶ 1.) In response, defendant filed its "Memorandum of Law in Opposition to Plaintiffs' Renewed 'Motion to Amend' and 'Second [sic] Amended Complaint,'" and incorporated by reference the objections it made in documents 108, 120, and 130. (Doc. 138.)

### III.  DISCUSSION

**A.  PLAINTIFFS' "MOTION TO AMEND COMPLAINT" (DOC. 102)**

As aforementioned, after plaintiffs filed their "Motion to Amend Complaint" (Doc. 102), but before this court ruled, plaintiffs filed a second "Motion to Amend Complaint," and attached a "Second Amended Complaint." (Doc. 136.) Plaintiffs' initial "Motion to Amend Complaint" (Doc. 102) is therefore due to be denied as moot.

**B.  PLAINTIFFS' SECOND "MOTION TO AMEND COMPLAINT" (DOC. 136)**

In their second "Motion to Amend Complaint" (Doc. 136), plaintiffs seek to amend their initial complaint and join:

>  (1) the Title VII claims of twenty-one plaintiffs with their Equal Pay Act claims already pending before the Court for the same sex discrimination in pay against female Store Managers; (2) the claims of eleven additional plaintiffs who were not previously before the Court; and (3) adding named plaintiff Collins and Dauzat Title VII claims.

(Doc. 136, Ex. A at 2, ¶ 2.) Defendant opposes plaintiffs' "Motion to Amend Complaint" on a number of grounds, but argues specifically that the Motion should be denied as futile because venue for the Title VII claims does not lie in this district. (Doc. 138 at 7.)

Title VII's venue provisions, codified at 42 U.S.C. § 2000e-5(f)(3), indicate that venue lies (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3) (2006). The venue provisions further provide that "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.* Further, the Eleventh Circuit has held that the venue provisions "were intended to be the exclusive venue provisions for Title VII employment actions." *Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 816 (11th Cir. 2006). Thus, § 2000e-5(f)(3) preempts, for example, "the more general provisions of § 1391." *Id.*

In Rule 23 class actions brought pursuant to Title VII, when analyzing whether venue lies in a particular judicial district, courts in the First, Second, Ninth, and D.C. Circuits have

6

all held that each "named" plaintiff must independently show that venue lies in the district.[2]
*E.g.*, *Turnley v. Banc of Am. Inv. Servs., Inc.*, 576 F. Supp. 2d 204, 212 (D. Mass. 2008); *Cook v. UBS Fin. Servs., Inc.*, No. 05-cv-8842-SHS, 2006 WL 760284, at *3 (S.D.N.Y. Mar. 21, 2006); *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 9-10 (D.D.C. 2003) (citing United States v. Trucking Employers, Inc., 72 F.R.D. 98 (D.D.C. 1976); *Dukes v. Wal-Mart Stores, Inc.*, No. C01-2252-MJJ, 2001 WL 1902806, at *2 (N.D. Cal. Dec. 3, 2001). In *Dukes v. Wal-Mart Stores, Inc.*, six named plaintiffs filed a class action against Wal-Mart Stores, Inc. in the Northern District of California, alleging race and gender discrimination under Title VII. *Dukes*, 2001 WL 1902806, at *1. Two of the six plaintiffs established that venue was proper in the Northern District of California. *Id.* at *1-2. For the remaining four, however, the court noted that venue in the district was inappropriate. *Id.* Specifically, none of the four had alleged that unlawful employment practices occurred in California, that relevant employment records were maintained and administered in California, or that they would have worked in California but for the alleged unlawful employment practice. *Id.* Further, Wal-Mart Stores, Inc.'s principal place of business was located in the Western District of Arkansas. *Id.* Nevertheless, reasoning that the court should construe Title VII's venue provisions broadly, the plaintiffs in *Dukes* argued that not all of the named plaintiffs should have to satisfy the venue provisions, so long as one of them did. *Id.* The court,

---

[2] It seems that neither the Eleventh Circuit, nor any other circuit aside from the First, Second, Ninth, and D.C. Circuits have considered this specific issue.

however, rejected the argument, reasoning that "[r]equiring that every named plaintiff in a class action satisfy venue makes good judicial sense in that it is consistent with a principle well settled in case law."[3]  *Id.* at *5.

In the instant case, defendant Dollar Tree argues that out of the thirty-four named individuals in plaintiffs' "Second Amended Complaint," "[p]laintiffs make no allegations that conceivably could support venue for the 28 plaintiffs who reside and work outside of Alabama, and for whom pay decisions allegedly were made in a centralized fashion at Headquarters and Regional and Zone offices outside of this judicial District." (Doc. 138 at 8.)  Thus, as in *Dukes*, defendant contends that venue would not lie in this district under the "Second Amended Complaint," and plaintiffs' "Motion to Amend Complaint" (Doc. 136) should be denied.  (*Id.*)

In response, plaintiffs do not dispute that the twenty-eight individuals residing outside of Alabama would be unable to independently establish venue in this district under Title VII's venue provisions.  (*See* Doc. 125 at 3; Doc. 137 at 10, ll. 21-24.)  Instead, plaintiffs argue first that venue under Title VII lies in this district for six "class *representatives*" because they "were paid discriminatory wages in Alabama." (*Id.*)  And second, as evidenced

---

[3] In *Dukes*, after determining that venue was improper for four of the six plaintiffs, the court next considered whether to dismiss the entire case, or alternatively, to dismiss only the four "improperly venued" plaintiffs. *Dukes*, 2001 WL 1902806, at *8-9.  The court noted that "[w]here venue is improper, a district court 'shall dismiss, or if it be in the interest of justice, transfer such a case to any district . . . in which it could have been brought.'" *Id.* at *8 (quoting 28 U.S.C. § 1406(a)).  Recognizing that it was undisputed that venue was proper for two of the plaintiffs, the court stated that dismissing the "entire action would be too harsh a penalty," and instead dismissed only the four "improperly venued" plaintiffs. *Id.* at *9.

by their arguments at the July 10, 2009 hearing, plaintiffs contend that this court should follow the approaches of *Quarles v. General Investment & Development Co.* and *Dukes v. Wal-Mart Stores, Inc.*, and "hold those individuals, the non-Alabama individuals, as class *members* until [the court] decide[s] whether there's going to be a class." (Doc. 137 at 8, ll. 24-25, 9, ll. 1-3 (emphasis added).) But, in *Dukes*, when considering improperly venued plaintiffs, the court decided to dismiss the improperly venued plaintiffs, not wait on further developments. *See Dukes*, 2001 WL 1902806, at *8-9. And in *Quarles* the court held that it is "logical that plaintiffs who are named as representatives of a class action be required to satisfy the [Title VII] venue requirements." *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 13 (D.D.C. 2003). That said, the court did not dismiss the improperly venued plaintiffs but instead decided to "defer ruling on whether the claims of [the improperly venued plaintiffs] as named parties should be dismissed while permitting them to remain as unnamed members of the class if class certification is granted, or whether their claims should be transferred to the appropriate federal district or districts." *Id.* at 14 (citation omitted).

To expand *Quarles* to the instant case, as plaintiffs request, however, would require the court to consider certain individuals to be like "named" plaintiffs for statute of limitations purposes, yet "unnamed" members of the case for venue purposes. (*See* Doc. 130 at 12; Doc. 137 at 3, ll. 16-19.) As defendant argues, plaintiffs "cannot have it both ways."[4] (Doc. 130

---

[4] It is relevant, as defendant argues, that despite plaintiffs' request that the court consider the improperly venued plaintiffs to be class members only, plaintiffs still named the improperly venued individuals in the caption of the "Second Amended Complaint," and described them as "seeking relief 'on behalf of themselves and others similarly situated.'" (Doc. 138 at 5; Doc. 136, Ex. A at

9

at 12.) Indeed, the doctrine of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211, 227 n.8 (2000)). Therefore, *Quarles* is inapposite. The court is of the opinion that the twenty-eight individuals residing outside of Alabama should be considered "named plaintiffs" under the "Second Amended Complaint."[5]

Because those twenty-eight individuals cannot independently establish venue under Title VII in this district, and because the court agrees with the ruling in *Dukes* that each "named" plaintiff must independently show that venue lies in the district, the court is of the

---

1.)

[5] The court also disagrees with plaintiffs' "pendent venue" argument under *Laffey v. Northwest Airlines, Inc.*, 321 F. Supp. 1041 (D.D.C. 1971). (*See* Doc. 130 at 19.) In that case, the court considered the flight attendants' claims pursuant to Title VII and the Equal Pay Act of 1963. *Laffey*, 321 F. Supp. at 1042. Noting that, "under both statutes, what is essentially at issue here is equal pay for equal work," the court allowed the "improperly venued" plaintiffs under Title VII's venue provisions to remain in the case pursuant to the general venue provisions of 28 U.S.C. § 1391(c), the applicable venue statute for the Equal Pay Act. *Id.* But, despite the possible merit of the court's reasoning in *Laffey*, this court is limited by the previous opinions of the Eleventh Circuit. *See Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 816 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases.") (citing Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102-03 (D.C. Cir. 1969)). What's more, as defendant points out, the *Laffey* decision may no longer be good law. (Doc. 130 at 19-20.)

Also unavailing is plaintiffs' argument that, under the Bennett Amendment to Title VII, Congress intended to "make[] pay claims under Title VII subordinate to the parallel pay claim under the Equal Pay Act." (Doc. 125 at 16.) The Bennett Amendment, however, was passed to provide an exception under Title VII for when employers may discriminate on the basis of sex, so that the Equal Pay Act of 1963 would not be nullified. *See* 110 CONG. REC. 13,647 (1963); 42 U.S.C. § 2000e-2(h) (2006). As defendant points out, "[n]othing in Title VII, the EPA, or reported case law," suggests the Bennett Amendment amended Title VII's venue provisions. (Doc. 130 at 20.)

opinion that allowing leave to file the "Second Amended Complaint" would be futile.[6]

Therefore, the court is of the opinion that plaintiffs' "Motion to Amend Complaint" (Doc. 136) is due to be denied.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiffs' "Motion to Amend Complaint" (Doc. 102) is due to be denied as moot, and that plaintiffs' "Motion to Amend Complaint" (Doc. 136) is due to be denied as futile. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE** this 30th day of September, 2009.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Notwithstanding the judicial estoppel issue, defendant additionally points out that allowing the Motion to Amend would further complicate an already complex case:
> To grant Plaintiffs' Motion to Amend would immerse the parties and the Court in the morass of managing in a single action three distinct groups of female Dollar Tree Store Managers - one that is pursuing a single Equal Pay Act count; another that is pursuing that count and three more under Title VII; and yet a third group containing those who are putative Title VII class members but assert no Equal Pay Act claim.

(Doc. 108 at 7-8.) Further, defendant cites that the Eleventh Circuit, in considering a district court's denial of a motion for leave to amend, has noted the denial was proper, in part, because the "proposed new claim would have increased the complexity of an already complex lawsuit." *Tech. Res. Servs., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1464 (11th Cir. 1998). Although the court has previously stated that defendant makes a good argument regarding the complexity of the case, because the court is of the opinion that venue under Title VII would be improper in this district under the "Second Amended Complaint," it is unnecessary to decide defendant's complexity of the case argument. (*See* Doc. 137 at 4, ll. 19-22.)