UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA ANN COLLINS; BERYL DAUZAT, on behalf of themselves and others that are similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>DOLLAR TREE STORES, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:08-cv-1267-SLB<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This case is currently before the court on defendant Dollar Tree's "Motion for Protective Order Relating to Depositions" (Doc. 121) and defendant's "Second Motion to Compel" (Doc. 139).[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's "Motion for Protective Order Relating to Depositions" (Doc. 121) is due to be denied as moot. Defendant's "Second Motion to Compel" is due to be granted in part and denied in part.

## I.  FACTS AND PROCEDURAL HISTORY

On July 17, 2008, plaintiffs Cynthia Ann Collins and Beryl Dauzat, on behalf of

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

themselves and others similarly situated, filed their initial complaint against defendant Dollar Tree Stores, Inc., alleging discrimination on the basis of sex pursuant to the Equal Pay Act of 1963. (Doc. 1.) The case was assigned to Judge William M. Acker, Jr.

On November 19, 2008, plaintiffs filed their "Motion to Facilitate Notice Pursuant to the Equal Pay Act of 1963," asking the court to allow notice to "be sent to all female individuals holding the position of Store Manager while employed with the defendant during the last three years." (Doc. 57.) Judge Acker, treating the "Motion to Facilitate Notice" as a motion for conditional class certification, granted it. (*See* Doc. 66 at 2; Doc. 67.) The parties requested two phases of discovery, separate decertification and merit phases; Judge Acker determined that one period of discovery would serve both purposes. (Doc. 68 at 1.)

Multiple discovery disputes arose between the parties and on January 13, 2009, defendant filed its first "Motion to Compel." (Doc. 84.) On February 4, 2009, plaintiffs filed a "Motion to Compel." (Doc. 103.) And, on March 6, 2009, defendant filed a "Motion for Protective Order." (Doc. 121.)

On March 11, 2009, Judge Acker directed the clerk to reassign the case; on the same day the case was reassigned to the undersigned. (Doc. 126.) Thereafter, on June 17, 2009, this court held a hearing on the parties' pending motions. (*See* Doc. 131.)

At the hearing, the court considered the parties' discovery disputes outlined in documents 84, 103, and 121. (*See* Doc. 137.) Initially, the court asked if defendant could provide plaintiffs with, "for every named and opt-in plaintiff, their employee number or their

Social Security number, the years of service and the date they were hired and/or promoted[,] . . . their total service with the defendant, the district and the region, their rate of compensation and their total compensation from July 17th, 2005 to the present." (*Id.* at 37, ll. 12-21.) Defendant responded that it could and agreed to provide this information to plaintiffs. (*Id.* at 38, ll. 19-21, 39, ll. 18-20)

Next, recognizing the great expense of the proposed discovery, the court suggested dividing discovery into multiple stages. (*Id.* at 30-32, 59-60.) Specifically, the court suggested that the parties should first conduct discovery limited to the question of whether continuation of the nationwide certification of the Equal Pay Act class was appropriate, and further suggested that discovery be limited to the "establishment" issue.[2] (*See id.* at 42, ll.

---

[2] The Equal Pay Act, an amendment to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, provides in pertinent part:
> No employer having employees subject to any provisions of this section shall discriminate, *within any establishment* in which such employees are employed, between employees on the basis of sex by paying wages to employees *in such establishment* at a rate less than the rate at which he pays wages to employees of the opposite sex *in such establishment* for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. . . .

28 U.S.C. § 206(d) (emphasis added). The Secretary of Labor has defined the term "establishment" as "a distinct physical place of business rather than . . . an entire business or 'enterprise' which may include several separate places of business." 29 C.F.R. § 1620.9(a). Absent "unusual circumstances," the court presumes that multiple locations do not constitute a single establishment. *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1017 (11th Cir. 1994). Section 1620.0(b) states in pertinent part that "*unusual circumstances* may call for two or more distinct physical portions of a business enterprise being treated as a single establishment." 29 C.F.R. § 1620.9(b) (emphasis added). And, as interpreted by the Eleventh Circuit, the "hallmarks of [unusual circumstances] are centralized control of job descriptions, salary administration, and job assignments or functions." *Mullhall v. Advance Sec., Inc.*, 19 F.3d 586, 591 (11th Cir. 1994) (citation omitted).

16-25, 43, ll. 1-2; 49, ll. 7-12.) The court noted that how and on what level Dollar Tree makes the decisions setting the Store Managers' pay, and whether a pay disparity between female and male Store Managers actually exists within the plaintiffs' districts are relevant areas for inquiry. (*Id.* at 30, ll. 11-25, 31, ll. 1-7.) The parties then conferred and reached an agreement, which they proposed to the court:

> [PLAINTIFFS]: [W]e've come to a proposed solution that will lead us to the next step on the establishment and decertification issue. Each side has agreed to limit their discovery to the decertification and to the establishment issue at the current time. Each side will tender ten production requests or interrogatories to the other side. Each side will have ten days to agree or disagree with the ten. And it will be limited to the decertification and establishment issue, obviously. We will then try to resolve those. If we can't, we will present the dispute about the ten to you.

(*Id.* at 56, ll. 11-23.) After further discussion, the court agreed with the parties' proposal; the parties agreed to tender the ten discovery requests by the "week after next." (*See id.* at 70-71.)

The court then addressed the parties' disputes regarding the scheduling of depositions. (*See id.* at 63.) Again, attempting to expedite discovery, the court orally ordered that the parties, "within a month [should] disclose the witnesses that [each side] would be expecting to use with regard to decertification on the establishment issue." (*Id.* at 65, ll. 11-14, 69, ll. 16-18.) With the list of names, the court added that each side should also give the "general subject matter" of each witness's likely testimony. (*Id.* at 69, ll. 17-22.) The court noted that it would then allow each party to depose the witnesses listed by the opposing party. (*Id.* at 65, ll. 14-16, 69, ll. 23-24.) Next, after further discussing how long the parties needed to depose the individuals named in the exchanged lists, the court agreed to a four month

deadline for the discovery discussed during the hearing. (*Id.* at 70, ll. 23-25, 71, ll. 1-3.) Finally, the court made certain the parties agreed with the instructions; each side did. (*Id.* at 71, ll. 15-17.)

Six weeks after the June 17, 2009 hearing, on July 31, 2009, defendant sent a proposed order to both the plaintiffs and the court, outlining the court's instructions and the parties' agreement. (Doc. 142 at Ex. B; Doc. 146 at 2-3) Defendant contends it sent the proposed order only because plaintiffs had failed to follow the alternative discovery plan agreed upon at the June 17, 2009 hearing. (Doc. 146 at 3.) Plaintiffs later rejected the proposed order. (Doc. 142 at 1-3.) The order was not entered by the court. (*Id.*)

On August 27, 2009, defendant filed its "Second Motion to Compel." (Doc. 139.) In the motion, defendant argues that plaintiffs failed to comply with both the alternative discovery plan agreed upon at the June 17, 2009 hearing, as well as the Federal Rules of Civil Procedure. (Doc. 140 at 2-3.) Specifically, defendant contends that, on July 2, 2009, it served on plaintiffs its ten "Document Requests and Interrogatories on Establishment Issues to All Named Plaintiffs, Class Representatives, and Opt-in Plaintiffs," but that the plaintiffs never responded or objected to the requests, or sent their own ten discovery requests. (*Id.* at 6.) And, when defendant's counsel emailed plaintiffs' counsel, on August 13, 2009, to discuss the discovery dispute, plaintiffs' counsel responded that they were not yet required to respond to the ten discovery requests. (*See id.* at Ex. B.) Indeed, in their "Response to Defendant's Motion to Compel" (Doc. 142), filed on September 21, 2009, plaintiffs argue,

5

*inter alia*, that defendants' ten requests, like its previous requests, "do not address any issue relevant to the establishment issue," and that the requests "were also served before the ten day time period proposed by the defendant [in the proposed order]."  (Doc. 142 at 1-2.)

On September 30, 2009, the court entered an order dismissing, without prejudice to refile, defendant's "Motion to Compel" (Doc. 83) and plaintiffs' "Motion to Compel" (Doc. 103).  (Order, Sept. 30, 2009.)

## II.  DISCUSSION

### A.  DEFENDANT DOLLAR TREE'S "MOTION FOR PROTECTIVE ORDER RELATING TO DEPOSITIONS" (DOC. 121)

On March 6, 2009, defendant Dollar Tree filed its "Motion for Protective Order Relating to Depositions."  (Doc. 121.)  In the motion, Dollar Tree "seeks a protective order with respect to Plaintiffs' deposition notice for corporate representatives under Rule 30(b)(6) and Plaintiff's notice seeking depositions of two named individuals."  (*Id.* at 1.)  The court set out a briefing schedule on April 20, 2009, requiring plaintiffs to file their opposition to defendant's motion "on or before May 1, 2009," and requiring that defendants file their reply by May 15, 2009.  (Doc. 131 at 1.)  On May 5, 2009, after the court's deadline, Plaintiffs filed their "Opposition to Defendant's Motion for Protective Order."  (Doc. 133.)  Defendant filed its reply on May 15, 2009.  (Doc. 135.)

At the June 17, 2009 hearing, the court addressed the parties' disputes regarding the scheduling of depositions, and considered defendant's "Motion for Protective Order."  (Doc.

137 at 63.) The court, however, set out an alternative discovery plan, requiring that the parties exchange a list of names of those individuals each side would use with regard to decertification on the establishment issue. (*See id.* at 65, 69-71.) The court stated that each party could then depose the individuals listed by the other party, and asked plaintiffs' counsel to "not do a 30(b)(6) until you take the depositions of [any witnesses disclosed by defendant as potential witnesses with regard to decertification on the establishment issue.]" (*Id.* at 65, ll. 11-16, 66, ll. 10-16.) Plaintiffs' counsel agreed.[3] (*Id.* at l. 17.) Therefore, the court finds that defendant's "Motion for Protective Order Relating to Depositions" (Doc. 121) is moot and due to be denied. That said, and as discussed at the June 17, 2009 hearing, plaintiffs should not serve on defendant a 30(b)(6) notice of deposition until plaintiffs take the depositions of individuals listed by defendant as potential witnesses regarding decertification.

**B. DEFENDANT DOLLAR TREE'S "SECOND MOTION TO COMPEL" (DOC. 139)**

Defendant Dollar Tree filed its "Second Motion to Compel," and accompanying brief, on August 27, 2009. (Doc. 139; Doc. 140) Specifically, defendant makes three requests, asking that this court enter an order:

> (1) requiring all Plaintiffs to fully respond to Defendant's Dollar Tree Store, Inc.'s Document Requests And Interrogatories On Establishment Issues To All Named Plaintiffs, Class Representatives, And Opt-in Plaintiffs within ten business days; (2)

---

[3] As of the date of this filing, the parties have not informed the court of any issues regarding the scheduling of depositions under the court's alternative discovery plan. Defendant's "Second Motion to Compel" concerns a dispute regarding the ten discovery requests, not the scheduling of depositions. (*See* Doc. 139.)

7

>dismissing the claims of all Plaintiffs who fail to provide complete responses within ten business days; and (3) requiring that Plaintiffs pay Dollar Tree's expenses and fees for filing this Motion.

(Doc. 139 at 1.)  Thereafter, on September 21, 2009, plaintiffs filed their "Response to Defendant's Motion to Compel."  (Doc. 142.)  On October 5, 2009, defendant filed its "Reply Memorandum in Support of its Second Motion to Compel."  (Doc. 146.)

1.      The Federal Rules of Civil Procedure Regarding Disclosures and Discovery

The Federal Rules of Civil Procedure, specifically Rules 26-37, detail the default rules for disclosures and discovery.  *See* Fed. R. Civ. P. 26-37.  Rule 26(b)(1) states the general rule that, "[u]nless otherwise limited by court order" or by Rule 26(b)(2)(C), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Rule 33 of the Federal Rules of Civil Procedure governs serving interrogatories on other parties.  Under the Rule, after a party has served interrogatories on another party, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." *Id.* at (b)(2).  Further, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* at (b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not

stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* at (b)(4) (emphasis added); *see also Jaffe v. Grant*, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986) (noting that objection based on Fifth Amendment privilege waived by failing to timely assert such privilege in response to discovery request).

Rule 34 of the Federal Rules governs the production of documents. As with Rule 33, Rule 34 states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." *Id.* at (b)(2)(A). And again, if the responding party fails to timely object to the production requests, any later objections are waived unless the court excuses the failure. *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08cv498/MCR/EMT, 2009 WL 1660137, at *4 (N.D. Fla. June 15, 2009) ("As a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."); *see also* Fed. R. Civ. P. 34(b) advisory committee's notes (stating that the procedure under Rule 34(b) "is essentially the same as that in Rule 33").

Finally, Rule 37 details the procedure for when a party fails to cooperate with discovery. Specifically, the Rule states "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if an opposing party "fails to answer an interrogatory submitted under Rule 33" or "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34." *Id.* at (a)(3)(B),

9

(B)(iii), (B)(iv). Further, subsection (d)(1)(A) states that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *Id.* at (d)(1)(A), (A)(ii). What's more, under subsection (d)(2), "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Finally, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* at (d)(3).

2.  The June 17, 2009 Hearing

Initially, it is important to note that the court is of the opinion that the parties had reached an agreement regarding an alternative discovery plan at the June 17, 2009 hearing. Indeed, at the end of the hearing, the court asked the parties: "Are you all okay with this [discovery plan]?" (Doc. 137 at 71, l. 15.) Both parties responded: "Yes, Your Honor." (*Id.* at ll. 16-17.) Naturally, therefore, the court expected that each party would comply by sending the opposing party ten discovery requests by the "week after next," and then agreeing or disagreeing with the requests within ten days. (*See id.* at 56, 70-71.) That said, only defendant sent the ten discovery requests. (Doc. 140 at 6 n.4.) And, instead of complying

10

with and answering those requests, or objecting to the requests within ten days, plaintiffs did nothing. (*Id.* at 2-3, 6.) Nevertheless, and despite having wide discretion in discovery matters, the court recognizes that it never entered a formal order regarding the alternative discovery plan, including the ten day deadline to agree or disagree. Therefore, out of fairness to plaintiffs, defendant's ten discovery requests (seven interrogatories and three requests for production of documents) are governed by Rules 33, 34, and 37 of the Federal Rules of Civil Procedure, the default rules for disclosures and discovery. *See* Fed. R. Civ. P. 33-34, 37.

3.   The Discovery Dispute Regarding Defendant Dollar Tree's Ten Discovery Requests

Defendant served its ten discovery requests on plaintiffs on July 2, 2009. (Doc. 140 at 6; Doc. 140 at Ex. A) Plaintiffs, however, did not object to, respond to, or even acknowledge the discovery requests until August 13, 2009, forty-two days after receiving the requests, and thus twelve days after the thirty day default time to respond under Rules 33 and 34.[4] (Doc. 140 at 2-3.) What's more, plaintiffs only acknowledged the requests on August 13 because defendant sent an email regarding their failure to respond. (*See* Doc. 140 at Ex.

---

[4] The Federal Rules of Civil Procedure, specifically Rules 33 and 34, are clear that in the absence of a court order, or the parties' stipulation to the contrary under Rule 29, "a responding party must serve its answers and any objections *within 30 days after being served* with the interrogatories," or requests for production of documents. *See* Fed. R. Civ. P. 33(b)(4), 34 advisory committee's notes (emphasis added). As aforementioned, the court has not entered a formal order. And, even if the parties' agreement at the June 17, 2009 hearing constituted a stipulation superceding the Federal Rules, it is undisputed that plaintiffs did not respond or object within the agreed upon ten days. (Doc. 140 at 2-3.) Finally, it could not be argued that defendant's proposed order, sent on July 31, 2009, superceded the Federal Rules; plaintiffs rejected the order and it was not adopted by the court. (Doc. 142 at 1-3.)

11

A.) Therefore, "unless the court, for good cause, excuses [plaintiffs'] failure" to respond or object to the discovery requests, any objections will be waived and the court will compel plaintiffs to fully respond.  *See* Fed. R. Civ. P. 33(b)(4), 34 advisory committee's notes.

Plaintiffs essentially offer two arguments for not responding to defendant's ten discovery requests. (*See* Doc. 142.)  First, plaintiffs contend that the ten discovery requests at issue here were substantially the same requests it objected to earlier in response to defendant's first set of discovery requests. (*Id.* at 1.)  Plaintiffs argue that the requests were improper and contrary to the court's instructions at the June 17, 2009 hearing because they were directed to individual class members, requested information already in defendant's possession, and were not related to the establishment issue. (*Id.* at 4-11.)  Despite whatever merit plaintiffs' substantive arguments may have, however, it remains undisputed that they did not respond or object to the ten requests within thirty days, as required by Rules 33 and 34, let alone within ten days, as agreed upon at the June hearing. (*See* Doc. 140 at 2-3; Doc. 140 at Ex. A; Doc. 137 at 56, ll. 11-23.)  Further, plaintiffs have cited no cases or statutes suggesting that their objections to defendant's first discovery requests somehow dispenses with their obligation to respond or object to defendant's subsequent discovery requests. Indeed, several cases, as well as the Federal Rules themselves, reject such an argument.  *See, e.g.*, *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08cv498/MCR/EMT, 2009 WL 1660137, at *4 (N.D. Fla. June 15, 2009) (stating that "answers [to interrogatories] should be complete in and of themselves [and that] [i]ncorporation by reference to a separate

document is not a responsive answer"); *see also* Fed. R. Civ. P. 33(b)(4) (noting that objections "must be stated with specificity"); Fed. R. Civ. P. 34(b)(2). Here, plaintiffs did not even incorporate by reference their earlier objections; they instead seemingly ignored the discovery requests. (*See* Doc. 140 at 2-3.)

For their second argument, plaintiffs claim that defendant's proposed order excused their need to respond to defendant's ten discovery requests until the court entered the order, which never occurred.[5] (Doc. 142 at 11-12.) Also, plaintiffs contend that at the June 17, 2009 hearing, the court "provided the parties with instructions on discovery which supercede[d] the Federal Rules of Civil Procedure." (*Id.* at 12.) That said, as defendant points out, defendant did not send plaintiffs or the court the proposed order until July 31, 2009, more than six weeks after the June 17, 2009 hearing, and more than four weeks after July 2, 2009, when defendant served its ten discovery requests. (Doc. 146 at 2-4.) Therefore, even if the alternative discovery plan agreed upon at the June 17, 2009 hearing superceded the Federal Rules of Civil Procedure, plaintiffs were obligated to agree or disagree with defendant's ten discovery requests by July 12, 2009, ten days after receiving the requests. (*See* Doc. 137 at 56, ll. 11-23.) And, because the court's instructions did not supercede the Federal Rules, in that the court never entered a formal order, plaintiffs were obligated to respond or object to defendant's ten discovery requests by August 1, 2009, thirty days after

---

[5] Plaintiffs specifically rely on paragraph 2(a) of the proposed order, which states that "[n]o later than ten (10) days after the entry of this Order, each side may propound up to ten discovery requests, including subparts." (Doc. 142 at 2; Doc. 146 at Ex. A, ¶ 2(a).)

13

receiving the requests. *See* Fed. R. Civ. P. 33-34. As discussed above, plaintiffs did not respond to, object to, or even acknowledge the discovery requests until August 13, 2009, after both possible deadlines had passed. (Doc. 140 at 2-3.) Accordingly, the court is of the opinion that neither of plaintiffs' arguments constitute "good cause" and excuse their failure to respond or object to defendant's ten discovery requests. For that reason plaintiffs' objections to the requests are waived. *See* Fed. R. Civ. P. 33(b)(4) (stating that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); Fed. R. Civ. P. 34(b) advisory committee's notes (stating that the procedure under Rule 34(b) "is essentially the same as that in Rule 33"). Therefore, defendant's first request, that this court enter an order requiring all plaintiffs to "fully respond" to defendant's "Document Requests and Interrogatories on Establishment Issues to All Named Plaintiffs, Class Representatives, and Opt-in Plaintiffs" is due to be granted. However, in order to allow plaintiffs sufficient time to respond, the court will require complete answers within 45 days.

Regarding defendant's second request, that this court enter an order "dismissing the claims of all Plaintiffs who fail to provide complete responses within ten business days," the request will be denied. (Doc. 139 at 1.) The court is of the opinion that, at this time, such an order would be premature and contrary to the interests of justice and fairness to those parties. Nevertheless, the court will entertain a future motion to dismiss for any plaintiff that fails to provide complete responses within 45 days, and only extraordinary circumstances will

justify such a failure.

Finally, as to defendant's third request, that this court enter an order "requiring that Plaintiffs pay Dollar Tree's expenses and fees for filing this Motion," the request will be denied. (*Id.*) Under the Federal Rules of Civil Procedure, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added). Given plaintiffs' complete lack of response to defendant's ten discovery requests, it is a stretch to say "other circumstances make an award of expenses unjust." *Id.* That said, the court finds that given the history of discovery, and because the court has already deemed plaintiffs' objections to the ten requests waived, awarding expenses and attorney's fees is not yet justified. In the future, however, the court will strictly adhere to the Federal Rules, and will not hesitate to sanction a noncompliant party.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendant's "Motion for Protective Order Relating to Depositions" (Doc. 121) is due to be denied as moot. Defendant's "Second Motion to Compel" (Doc. 139) is due to be granted in part and denied in part. Specifically, defendant's request that plaintiffs fully respond to its "Document Requests and Interrogatories on Establishment Issues to All Named Plaintiffs,

15

Class Representatives, and Opt-in Plaintiffs" is due to be granted. However, the court will require complete answers within 45 days. Defendant's remaining requests, that this court dismiss the claims of all plaintiffs who fail to respond, and that plaintiffs pay defendant's expenses and fees for filing the "Second Motion to Compel," are due to be denied. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

    **DONE** this 9th day of November, 2009.

 

/s/ Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE