FILED
2009 Nov-10  AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CYNTHIA ANN COLLINS; BERYL DAUZAT, on behalf of themselves and others that are similarly situated,** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) ) CASE NO. 2:08-cv-1267-SLB |
| **DOLLAR TREE STORES, INC.,** | ) ) ) |
| **Defendant.** | ) |

## ORDER

Pursuant to the court's discussion with counsel at the June 17, 2009 hearing, it is **ORDERED** as follows:

1. No later than **thirty (30) days** after the entry of this Order, the Parties must disclose the names of all individuals from whom the Party may offer testimony with respect to the scope of the relevant establishment for purposes of the court's consideration of whether continuation of the certification of the Equal Pay Act class is appropriate. This disclosure must include the general subject matter of the testimony of the individual, including enough information so that the opposing party has a sense of the subject of the expected testimony.

2. Within **four (4) months** of receipt of the designation of witnesses, each party may depose the individuals identified in the opposing party's disclosure.

3. If, upon exchange of the witness designations, either party determines that four

(4) months is an inappropriate time frame in which to conduct the depositions, the Parties shall meet and confer with respect to an appropriate time period and then request a telephone conference with the court.

4.     After completing the depositions of individuals identified in Defendant's disclosures, Plaintiffs may seek leave to serve a Rule 30(b)(6) notice tailored to the establishment issue to the extent they believe such a deposition is needed. Upon a showing of good cause, the court will grant this request.

5.     After conducting the depositions of individuals identified in Plaintiffs' disclosures, Defendant may seek leave to depose any other representative Plaintiff. Upon a showing of good cause, the court will grant this request.

6.     To the extent any Party needs additional discovery on other factors that relate to consideration of whether continuation of the certification of the Equal Pay Act class is appropriate, other than the relevant establishment, such discovery shall be conducted on a separate schedule to be established after the court reaches a determination as to whether decertification is appropriate based on the establishment issue.

7.     To the extent not already completed, Defendant shall produce the following information relevant to the question of whether there is an actual pay disparity between the female and male store managers, as set forth below:

(a)     Defendant shall produce information which shall include the categories set forth below for: (a) named plaintiffs, (b) opt-in plaintiffs, and (c) male store

managers in the district of any named plaintiff or opt-in plaintiff, from July 17, 2005 to July 17, 2008:

(i)    Name

(ii)   Gender

(iii)  Store number

(iv)   District

(v)    Region

(vi)   Employee number or social security number

(vii)  Years of service as store manager

(viii) Date of hire and/or promotion to position of store manager

(ix)   Total years of service for Dollar Tree

(x)    Rate of compensation

(xi)   Total compensation

8. All potentially dispostive motions, including any motion to decertify the nationwide class, based on the establishment issue shall be filed on or before **May 10, 2010**. The court will not extend this deadline except upon a showing of good cause.

9. The court reserves ruling on a schedule for discovery on other issues pending its decision on the establishment issue.

**DONE** this 9th day of November, 2009.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE